

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Valdes v. State of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2971

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Valdes v. State of NJ" (2008). *2008 Decisions.* Paper 674.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/674

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2971
_____

JUAN VALDES,

Appellant

v.

STATE OF NEW JERSEY; NEW JERSEY DEPARTMENT
OF CORRECTIONS CORRECTIONAL STAFF TRAINING ACADEMY;
CRAIG CONWAY; JAMES LUTZ; MATTHEW KYLE;
DEVON BROWN; BERNARD WILLIE

_____

On Appeal from the United States District Court
for the District of New Jersey
(05-cv-03510)
District Judge: Honorable Garrett E. Brown
_____

Argued July 22, 2008

Before: MCKEE, FUENTES, and WEIS, Circuit Judges.

(Opinion Filed: August 12, 2008)

OPINION OF THE COURT

David S. Halsband, Esq. [ARGUED]
Jyoti M. Halsband, Esq.
Halsband & Ginsburg
39 Hudson Street, 4th Floor

Hackensack, NJ 07601

Counsel for Appellant

Noreen P. Kemether, Esq. [ARGUED]
Office of Attorney General of New Jersey
P.O. Box 25
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ 08625

Counsel for Appellees

FUENTES, <u>Circuit Judge</u>:

Juan Valdes, a former corrections officer trainee, appeals from the District Court's order granting summary judgment to Defendants State of New Jersey, New Jersey Department of Corrections Correctional Staff Training Academy ("the Academy"), and several individual corrections officers. Valdes was discharged from the New Jersey Department of Corrections Officer Training Program ("the training program") for failing to keep his beard within a one-eighth inch allowance granted to him by the Academy as an accommodation of his religious obligations as a Muslim. Valdes alleged unlawful discrimination, termination, and retaliation under 42 U.S.C. § 1983 in violation of the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment, and pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*. He also brought a hostile environment claim under Title VII, which the District Court dismissed for failure to file a timely charge with the Equal Employment Opportunity Commission ("EEOC") but does not appeal this dismissal.

The Academy has a written policy prohibiting any facial hair for its corrections officer trainees. This policy has been justified by the Academy for two reasons: 1. compliance with federal and state health regulations for the use of respirator masks; and 2. *esprit de corps* through uniformity of appearance. Prior to commencing the training program, Valdes requested an exemption from this policy to comply with his religious obligations as a Muslim. Because the Academy initially denied Valdes' request, he filed a charge of discrimination with the Equal Employment Opportunity Commission and the New Jersey Division on Civil Rights. Subsequently, the Academy entered into an agreement with Valdes, under which he would be allowed to keep facial hair up to one-eighth of an inch during the training program. Having failed to adhere to the limit on several occasions, Valdes was discharged from the training program. Following his termination he requested to be allowed to return to the training program without an exemption for facial hair, but was denied by the Academy.

The District Court indicated that the Academy's no-facial hair policy was facially neutral and generally applicable, and burdened religious conduct only incidentally. Therefore, the policy was subject to rational basis review under the Free Exercise Clause, such that it need merely be shown that the action of the government was rationally related to a legitimate government objective. *See Employment Div., Dep't of Human Resources of Oregon v. Smith*, 494 U.S. 872, 879 (1990). Because the policy was rationally related to the two objectives articulated by the Academy, the District Court

3

found that the policy was lawful.

The District Court also summarized the standard of review under strict scrutiny analysis, which requires that a government action must be narrowly tailored to advance a compelling government interest. Such heightened scrutiny applies "in situations where government officials exercise discretion in applying a facially neutral law, so that whether they enforce the law depends on their evaluation of the reasons underlying a violator's conduct." *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 537 (1993). The District Court further concluded that "[u]nder any standard of review, Defendants conducted themselves appropriately, and did not violate any constitutional rights of Plaintiff." (App. at 13.)

Having held that the Academy's policy was lawful, the District Court found Valdes was justifiably discharged since there were at least three uncontested instances during which he exceeded the one-eighth inch limit. Therefore, the Court granted summary judgment to the Defendants on Valdes's First Amendment claim and his Title VII claims of unlawful discrimination, termination, and retaliation.

After a careful review of the arguments presented in this appeal, we find no basis for disturbing the District Court's rulings. Therefore we will affirm the judgment of the District Court for substantially the same reasons set forth in the Court's written opinion.

4