**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5086-16T4

MARVEN ROSEUS,

      Plaintiff-Appellant,

v.

STATE OF NEW JERSEY and
DEPARTMENT OF CORRECTIONS,

      Defendants-Respondents.

_____

Submitted August 21, 2018 – Decided September 10, 2018

Before Judges Sumners and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-0116-17.

Costello & Mains, LLC, attorneys for appellant (Deborah L. Mains, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondents (Melissa H. Raksa, Assistant Attorney General, of counsel; Kimberly Ann Eaton, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Marven Roseus does not shave his face or head in accordance with the dictates of his religious faith. He alleged that the State of New Jersey and its Department of Corrections (DOC) violated the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, when he was dismissed from a training program to become a corrections officer for failure to shave his face in compliance with the program's grooming rules.

Plaintiff appeals from two orders, dated June 30, 2017, which dismissed his complaint with prejudice and denied his motion to amend his complaint. We reverse and remand for further proceedings because there was no record establishing that the DOC engaged in "a bona fide effort" or that it is "unable to reasonably accommodate" plaintiff's religious practice without "undue hardship[.]" N.J.S.A. 10:5-12(q)(1).

I.

This appeal arises from a motion to dismiss for failure to state a claim under Rule 4:6-2(e). Accordingly, we accept the facts as alleged in plaintiff's complaint. Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005). Plaintiff is a member of Israel United in Christ and he identifies as Jewish. His religion prohibits him from shaving his head or face.

A-5086-16T4

In July 2016, plaintiff developed an interest in becoming a corrections officer for the DOC and he attended two orientation meetings. At both orientations, he spoke to lieutenants about his religious practice and the requirements that trainees shave their face and head. The second lieutenant to whom plaintiff spoke told him to make a formal request for a religious accommodation.

On July 19, 2016, plaintiff submitted a religious accommodation request. His request included a statement from an elder in his church explaining that plaintiff's religion requires that he not shave either his head or face.

On July 25, 2016, plaintiff arrived at the Corrections Officers' Training Academy. Shortly after his arrival, plaintiff was approached by a major who informed him that he was not properly shaven. Plaintiff told the major that he had a religious accommodation that exempted him from shaving his head or face. Thereafter, a second major informed plaintiff that his religious accommodation request had been rejected. The major then "proceeded to write the plaintiff up and dismiss[ed] him from the training academy."

On January 9, 2017, plaintiff filed a complaint against the State and the DOC alleging violations of LAD. Specifically, plaintiff asserted four violations of LAD in four separate counts: (1) discriminatory failure to hire; (2)

3 <span>A-5086-16T4</span>

discriminatory discharge; (3) failure to accommodate a sincerely held religious belief; and (4) discrimination in a place of public accommodation. Plaintiff also asserted a fifth count, seeking equitable and declaratory relief.

Defendants moved to dismiss the complaint under Rule 4:6-2(e) for failure to state a claim. Alternatively, defendants moved to transfer venue. Plaintiff opposed the motion to dismiss and cross-moved to amend his complaint to add factual allegations in support of his LAD claims and to assert claims that the application of the  DOC's policy prohibiting facial hair violated his right to freedom of exercise of his religion in violation of the New Jersey and federal Constitutions.[1]

On June 23, 2017, the trial court heard oral argument on those motions and, on June 30, 2017, the court entered orders granting defendants' motion to dismiss, denying plaintiff's motion to amend, and dismissing the motion to change venue as moot. The court issued a written opinion explaining its rulings.

On the motion to dismiss, the trial court reasoned that the policy restricting facial hair was "neutral" and "permissible." Accordingly, the court held that "the accommodation [p]laintiff sought would create an undue hardship

---

[1] The record does not contain the proposed amended complaint. Accordingly, we rely on plaintiff's descriptions of his amended complaint.

A-5086-16T4

on [d]efendants." In reaching those conclusions, the trial court relied on an unpublished federal district court opinion, which had been affirmed by the United States Court of Appeals for the Third Circuit. See Valdes v. New Jersey, No. 05-3510, 2007 U.S. Dist. LEXIS 41038 (D.N.J. June 6, 2007), aff'd, 313 Fed. App'x 499 (3d Cir. 2008).[2]

In Valdes, the plaintiff sought to become a corrections officer for the DOC and enrolled in the DOC training program. Plaintiff sought an accommodation of his religious beliefs that required him not to shave his beard. Initially, the DOC denied the accommodation, but Valdes filed claims with the federal Equal Employment Opportunity Commission and the New Jersey Division of Civil Rights. Thereafter, the DOC granted an accommodation to allow plaintiff to wear a beard that was no longer than one-eighth of an inch. Prior to starting the training program, plaintiff agreed to that accommodation. When he showed up at the training program, however, plaintiff's beard exceeded the one-eighth inch permitted length. On three occasions during the initial days of plaintiff's training, he was directed to shorten his beard, but he did not do so. Thereafter, Valdes was discharged from the program.

---

[2] Rule 1:36-3 prohibits the citation of unpublished cases. We refer to the Valdes decision only to explain how the trial court used that decision and not for purposes of authority.

Valdes sued the DOC and the State alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 to -17, and the free exercise clause of the First Amendment to the federal Constitution. The district court granted summary judgment to the DOC and the State finding, based on the record before it, that the policy prohibiting facial hair was based on safety and uniformity of appearance of trainees. The district court then reasoned that the DOC's no-facial-hair policy was neutral, burdened religious conduct only incidentally and, therefore, was lawful.

The trial court in this matter, largely relied on the decision in Valdes. In doing so, the court focused on plaintiff's request for a religious accommodation, and reasoned that all of his LAD claims depended on showing that such an accommodation was not an undue hardship on the DOC.

Turning to plaintiff's motion to amend his complaint, the trial court reasoned that the proposed amendment sought to add claims for violations of the New Jersey and federal Constitutions. The court then held that such constitutional claims do not allow for the monetary damages plaintiff was seeking. Consequently, the trial court denied the amendment as futile.

Finally, the trial court reasoned that the motion to change venue was moot since the complaint had been dismissed with prejudice.

6

## II.

On appeal, plaintiff contends that he pled viable claims under LAD, and it was an error to dismiss his complaint for failure to state a claim. Plaintiff also argues that the trial court only addressed his claim for failure to accommodate his religious practice and did not properly address his claims for discriminatory failure to hire, discriminatory firing, or for relief under the public accommodation provision of LAD, N.J.S.A. 10:5-4. Finally, plaintiff argues that the trial court should have allowed him to amend his complaint. In that regard, before us plaintiff has represented that he is no longer seeking to amend his complaint to assert a violation of his constitutional free exercise rights and clarified that he is not seeking to assert a due process claim under 42 U.S.C. § 1983. Accordingly, plaintiff is only seeking to amend his complaint to add new factual allegations to support his claims under LAD.

Having reviewed the complaint and applicable law, we hold that plaintiff pled viable claims under LAD. Accordingly, it was an error to dismiss his complaint on a motion under Rule 4:6-2(e).

We begin our analysis by identifying our standard of review. We review de novo an order granting a motion to dismiss for failure to state a claim.

Watson v. N.J. Dep't of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017). In considering a motion under Rule 4:6-2(e), courts must accept the facts asserted in the complaint and should accord the plaintiff all favorable inferences. Ibid.

LAD prohibits employers from imposing a condition on employees that "would require a person to violate or forego a sincerely held religious practice or observance" unless, "after engaging in bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's religious observance or practice without undue hardship on the conduct of the employer's business." N.J.S.A. 10:5-12(q)(1). That prohibition applies to "obtaining or retaining employment[.]" Ibid.

An "undue hardship" is defined as "an accommodation requiring unreasonable expense or difficulty, unreasonable interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system or a violation of any provision of a bona fide collective bargaining agreement." N.J.S.A. 10:5-12(q)(3)(a).

In analyzing claims under LAD, New Jersey has adopted the "procedural burden-shifting methodology articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Zive v. Stanley Roberts, Inc., 182 N.J. 436, 447 (2005); Tisby v. Camden Cty. Corr. Facility, 448 N.J. Super. 241, 248 (App. Div. 2017).

The plaintiff must first demonstrate a prima facie case of employment discrimination. Victor v. State, 203 N.J. 383, 408 (2010). In a religious discrimination case, a prima facie case includes a showing that "(1) plaintiff belongs to a protected class; (2) she was performing her job at a level that met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment actions." El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 167 (App. Div. 2005); Tisby, 448 N.J. Super. at 248.

If a plaintiff establishes a prima facie case, an "inference of discrimination" is created. Zive, 182 N.J. at 449. The employer can rebut the inference by articulating a "legitimate, non-discriminatory reason for the employer's action." Ibid. If the employer can meet that burden, the burden again shifts back to the employee to prove, by a preponderance of the evidence, that the reason provided by the employer is "merely a pretext for discrimination and not the true reason for the employment decision." Ibid. Plaintiff can prove pretext by using either circumstantial or direct evidence that "discrimination was more likely than not a motivating or determinative cause of the action" or plaintiff can discredit the legitimate reasons provided by the employer. El-Sioufi, 382 N.J. Super. at 173.

Our review of plaintiff's complaint here establishes that he has demonstrated a prima facie case of employment discrimination. Plaintiff alleged that he has a sincerely held religious belief that prohibited him from shaving his head or face and that the DOC discriminated against him based on that religious practice. Indeed, defendants concede that plaintiff pled "the elements of various causes of action under LAD for failure to hire, discharge based under religious discrimination, failure to accommodate a religious practice, or discrimination in a place of public accommodation." See N.J.S.A. 10:5-12(a), (f)(1), and (q).

Accordingly, the issue on this appeal is whether the DOC demonstrated that it was unable to accommodate plaintiff's request for a religious accommodation without undue hardship. Relying on the federal court decision in Valdes, defendants essentially argue that the record in Valdes supports a motion to dismiss in this case because "a religious accommodation for [plaintiff] regarding the DOC's grooming policy constitutes an undue hardship as a matter of law." We reject that position as inconsistent with the express requirements of LAD.

LAD expressly requires that the DOC make a bona fide effort to accommodate plaintiff. N.J.S.A. 10:5-12(q)(1). LAD also expressly requires the DOC to demonstrate that an accommodation to plaintiff would be an "undue

hardship." Ibid. As already noted, defendants moved for dismissal under Rule 4:6-2(e). Consequently, there is no record. In that regard, we do not have a record of the DOC's actual grooming policy, the rationale for that policy, whether the DOC has granted accommodations to others from its grooming policy, whether the DOC engaged in a "bona fide effort" to accommodate plaintiff, and whether an accommodation to plaintiff would impose an "undue hardship" on the DOC.

The DOC and State cannot rely on the record in Valdes to establish a record in this case. Initially, it should be noted that the DOC and State did not give the trial court here the actual record from Valdes. Instead, defendants rely on the summary of that record as described by the district court and Third Circuit in their respective opinions. Moreover, the district court decision in Valdes was issued in 2007, over eleven years ago. We have no record that the DOC's policy has not changed. In that regard, we can take judicial notice that the policies of state agencies, including the policies of the DOC, can be modified, changed, or amended. See N.J.R.E. 201; see also Grimes v. N.J. Dep't of Corr., 452 N.J. Super. 396, 404-06 (App. Div. 2017) (recognizing that state agencies may act informally to amend policies concerning internal management or discipline). Nor do we have a record of whether the DOC has given accommodations

11

concerning its grooming policy since 2007. Indeed, in <u>Valdes</u> the DOC granted a religious accommodation to Valdes and allowed him to wear a beard of one-eighth of an inch in length. That fact alone distinguishes <u>Valdes</u> from this case. That fact also establishes that on at least one occasion, the DOC has given an accommodation from its grooming policy.

We also do not have a record in this case concerning the reasons for the grooming policy. There is no certification or even a representation explaining the reasons for the policy. Indeed, in <u>Valdes</u>, the district court described the rationale as "a blanket requirement, necessitated for the health and safety of those trainees who accepted the invitation, and to a lesser extent, for the uniformity of the incoming trainee class." No. 05-3510, 2007 U.S. Dist. LEXIS 41038, at *19. The Third Circuit, however, on the same record, described the policy justifications differently: "This policy has been justified by the Academy for two reasons: 1. compliance with federal and state health regulations for the use of respiratory masks; and 2. esprit de corps through uniformity of appearance." 313 Fed. App'x at 500.

In summary, when a religious practice or observance is at issue, LAD requires the employer to demonstrate both (1) a bona fide effort to accommodate; and (2) that an accommodation would cause an undue hardship.

Here, there was no record of either. Thus, we vacate the June 30, 2017 order dismissing plaintiff's complaint and reinstate that complaint. We, therefore, remand for further proceedings.

In directing a remand, we have also considered our decision in Tisby. 448 N.J. Super. 241. This case is distinguishable from Tisby on two grounds: (1) its procedural posture; and (2) the policy at issue. In Tisby, we affirmed summary judgment in favor of the DOC in a case where the DOC rejected a religious accommodation to a Muslim woman corrections officer who sought to wear a Khimar, a tight-fitting head covering. Id. at 250. Tisby came before us on a summary judgment record and the record included the reasons for the DOC policy of not allowing head coverings to be worn by corrections officers. Consequently, we were able to conclude that the DOC's reasons for denying a religious accommodation were not pretextual and that plaintiff had failed to overcome a finding of hardship to the DOC. Ibid.

Moreover, in Tisby, plaintiff did not establish grounds for further discovery. Here, in contrast, plaintiff should be allowed some limited discovery on remand. Plaintiff has alleged that the DOC has previously granted accommodations to its grooming policy. That allegation is supported by the

facts in <u>Valdes</u>. Moreover, plaintiff should be accorded some discovery to explore whether there was bona fide effort to accommodate his religious beliefs.

On remand, the trial court should also consider plaintiff's motion to amend his complaint as modified by the representations he made on this appeal. In that regard, as already noted, plaintiff has withdrawn the request to assert an amended constitutional violation claim and only seeks to add factual allegations supporting his reinstated LAD claims. Since plaintiff failed to include his proposed amended complaint in the record on this appeal, and since plaintiff has now represented that he will modify his proposed amended complaint, we leave it to the trial court on remand to evaluate the new amended complaint.

Finally, we also direct the trial court to address the motion to change venue. That motion is no longer moot. Plaintiff has represented that he does not oppose the motion. Nevertheless, we do not address the motion because it has not yet been considered by the appropriate assignment judge.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5086-16T4